No. 8, original. LOUISIANA *v.* MISSISSIPPI. April 13, 1931.

DECREE.

This cause coming on for hearing by this Court upon the report of Thomas G. Haight, Special Master appointed by this Court, and herein filed, and upon the exceptions filed herein by the State of Mississippi, defendant, to said report of the Special Master, including the findings of fact, conclusions of law, and recommendations for a decree, and also upon all pleadings and exhibits thereto heretofore filed by both complainant and defendant, and also upon all depositions of witnesses and documentary and record evidence adduced, preferred, filed, and submitted both by complainant and defendant and upon all briefs of counsel both for complainant and defendant heretofore filed and submitted; and thereupon, on February 2nd, A. D. 1931, this Court having rendered

an opinion sustaining all the findings and recommendations of the Special Master, and directing that a decree should be entered as recommended by the Special Master; and the Court being fully advised in the premises:

It is thereupon considered, and now ordered, adjudged and decreed by this Court, as follows, to wit:—

1. That the bill of complaint has been sustained by sufficient and legal evidence, and that complainant, the State of Louisiana, is at law and in equity entitled to the relief prayed for.

2. That the report of Thomas G. Haight, Special Master, be and the same is hereby approved, sustained, and confirmed by this Court, and that the exceptions to said report filed by the State of Mississippi be and the same are hereby overruled.

3. That immediately prior to the avulsion of 1912–1913 the boundary line between the State of Louisiana and the State of Mississippi between latitude 32° 39' on the North and the division line between Issaquena and Warren Counties, Mississippi, (as extended westward), on the South, was at the place and line which was the thread of the main channel of the Mississippi River as it then ran; and that, the current having since ceased to flow in part of said channel as it existed prior to said avulsion, because of the new channel produced thereby, at this time the true boundary line between the State of Louisiana and the State of Mississippi, in that part and so much of the above area as was affected by the avulsion (between said North and South points), is the middle of the navigable channel of the Mississippi River as said channel was located at the time when the current ceased to flow therein because of the new channel produced by the avulsion of 1912–1913.

4. That Samuel S. Gannett, geodetic and astronomic engineer, of Washington, D. C., is hereby named and appointed as commissioner, with power, authority and in-

structions to run, locate, plat, and mark by suitable permanent boundary markers said boundary line, as above defined, by the use of the most accurate method now known to science and applicable in that locality, between said States between said North and South points, and to make and file in this Court as soon as practicable a full and accurate report of his findings, survey, and plat, and that the same be submitted to this Court for confirmation. And he shall file with his report the field notes of his survey, showing the method used by him in ascertaining and locating the line of the boundary, and a map showing the boundary line as run and marked by him; also 10 copies of his report and map. Said line when ascertained and located in accordance with this decree and approved and confirmed by the Court, is the boundary line between the State of Louisiana and the State of Mississippi between the North and South points hereinabove mentioned.

5. Before entering upon his work the commissioner shall take and subscribe his oath to perform his duties faithfully and impartially. He shall prosecute the work with diligence and dispatch, and shall have authority to employ such assistants as may be needed therein; and he shall include in his report a statement of the work done, the time employed, and the expenses incurred.

6. The work of the commissioner shall be subject in all its parts to the approval of the Court. One copy each of the commissioner's report and map shall be promptly transmitted by the clerk to the Governors of the two States; and exceptions or objections to the commissioner's report, if there be such, shall be presented to the Court, or, if it be not in session, filed with the clerk, within forty days after the report is filed.

7. That the sum to be allowed the commissioner hereby appointed, in payment of his services and reimbursement of his expenses, shall be fixed and allowed after the sub-

mission to this Court and confirmation by it of his report, findings, survey and plat.

8. If, for any reason, there occurs a vacancy in the commission when the Court is not in session, the same may be filled by the designation of a new commissioner by the Chief Justice.

[The remaining paragraphs deal with the compensation and expenses of the special master and the taxation of costs. See 282 U. S. 458.]